ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JOEL JOSUÉ AYALA VELÁZQUEZ<br><br>Apelante | TA2026AP00376 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D VI2025G0010;<br>D DC2025G0002;<br>D OP2025G0009<br><br>Sobre: Arts. 93 (A), 157 y 244 del Código Penal |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2026.

Comparece Joel Josué Ayala Velázquez ("señor Ayala Velázquez" o "Apelante") mediante *Escrito de Apelación Criminal* y nos solicita que revoquemos una *Sentencia* dictada el 16 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). En virtud del aludido dictamen, el apelante fue condenado a noventa y nueve años de reclusión por los delitos de asesinato en primer grado, secuestro y conspiración. La determinación apelada es objeto de una moción de reconsideración, presentada el 31 de marzo de 2026, la cual aún no ha sido adjudicada por el TPI.

Por los fundamentos que proceden, se *desestima* el recurso, por falta de jurisdicción, por prematuro.

**I.**

Por hechos acontecidos entre la noche del 23 de febrero de 2022 y la madrugada del 24 de febrero de 2022, el Ministerio Público presentó cinco (5) acusaciones en contra del señor Ayala Velázquez, por violación a los Artículos 93 (a), 157 y 244 del Código Penal, 33 LPRA secs. 5142, 5223 y 5334, así como

los Artículos 6.09 y 6.14 de la Ley Núm. 168-2019, según enmendada, conocida como la *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 466h y 466m.

Tras varias instancias procesales, los días 6, 7, 9, 10, 14, 15, 21, 22 y 24 de octubre de 2025, y 3, 5, 20 y 21 de noviembre de 2025, se celebró el juicio por jurado. Culminado el desfile de prueba, el 21 de noviembre de 2025, el jurado rindió un veredicto de culpabilidad por todos los cargos imputados. En corte abierta, la defensa presentó una solicitud de absolución perentoria por las convicciones bajo la Ley de Armas.

Consecuentemente, el 16 de marzo de 2026, se celebró el acto de Pronunciamiento de Sentencia, en presencia del acusado. Allí, el TPI declaró Con Lugar la absolución perentoria en cuanto a los Artículos 6.09 y 6.14 de la Ley de Armas, *supra*. Asimismo, condenó al señor Ayala Velázquez a cumplir una pena de noventa y nueve (99), por el delito de asesinato en primer grado, veinticinco (25) años, por el delito de secuestro, más tres (3) años, por el delito de conspiración, a ser cumplidos de forma concurrente entre sí y consecutivas con penas que se encuentra cumplimiento a nivel federal.

Inconforme, el 31 de marzo de 2026, el apelante presentó una *Moción en Solicitud de Reconsideración de Sentencia*. Ante ello, el 1 de abril de 2026, notificada el 6 de abril de 2026, el TPI le concedió al Ministerio Público un término de quince (15) días para exponer su oposición. Previo a transcurrir el término otorgado y a ser adjudicada la solicitud de reconsideración, el 13 de abril de 2026, el señor Ayala Velázquez acudió ante nos mediante un *Escrito de Apelación Criminal*. El apelante realizó los siguientes señalamientos de error:

**EL TRIBUNAL DE INSTANCIA INCIDIÓ EN DERECHO Y ABUSÓ DE DISCRECIÓN AL DISPONER QUE LAS SENTENCIAS APELADAS SERÍAN CUMPLIDAS DE MANERA CONCURRENTE ENTRE SÍ, PERO CONSECUTIVAS CON LA SENTENCIA FEDERAL QUE CUMPLE EL APELANTE EN LA ACTUALIDAD.**

**ERRÓ EL HONORABLE JURADO EN LA APRECIACIÓN DE LA PRUEBA ORAL Y DOCUMENTAL, AL DETERMINAR QUE EL ESTADO PROBÓ MÁS ALLÁ DE DUDA RAZONABLE LA CULPABILIDAD DEL APELANTE POR TODOS LOS DELITOS IMPUTADOS.**

**ERRÓ EL HONORABLE JURADO AL EMITIR VEREDICTO DE CULPABILIDAD, A PESAR DE QUE EL ESTADO NO PUDO ESTABLECER MÁS ALLÁ DE DUDA RAZONABLE CON**

EVIDENCIA SUFICIENTE EN DERECHO, LOS ELEMENTOS CORRESPONDIENTES AL DELITO DE ASESINATO EN PRIMER GRADO INCISO (A), SEGÚN IMPUTADO EN LAS ACUSACIONES CRIMINALES, ESPECIALMENTE ANTE LA AUSENCIA DE PRUEBA SOBRE LOS ESTADOS MENTALES "A PROPÓSITO" Y "CON CONOCIMIENTO".

ERRÓ EL HONORABLE JURADO AL EMITIR UN VEREDICTO CONDENATORIO EN CUANTO AL INCISO (A) DEL ARTÍCULO 93 DEL CÓDIGO PENAL DE 2012, A PESAR DE QUE LAS ACUSACIONES CRIMINALES INSTADAS POR EL MINISTERIO PÚBLICO ERAN INSUFICIENTES EN DERECHO PARA QUE RECAIGA UNA CONVICCIÓN VÁLIDA, YA QUE EN EL CUERPO DE LOS PLIEGOS ACUSATORIOS NO SE ALEGARON TODOS LOS ELEMENTOS DE LOS DELITOS IMPUTADOS.

ERRÓ EL HONORABLE JURADO AL EMITIR UN VEREDICTO CONDENATORIO EN CUANTO AL INCISO (A) DEL ARTÍCULO 93 DEL CÓDIGO PENAL DE 2012 Y NO AL AMPARO DEL DELITO MENOR INCLUIDO DE ASESINATO EN PRIMER GRADO EN CALIDAD DE COOPERADOR, A PESAR DE QUE DICHA ACUSACIÓN CRIMINAL INSTADA POR EL MINISTERIO PÚBLICO LE IMPUTA AL APELANTE CLARAMENTE UNA PARTICIPACIÓN EN CALIDAD DE COOPERADOR AL AMPARO DEL ARTÍCULO 45 DEL CÓDIGO PENAL DE 2012.

ERRÓ EL HONORABLE JURADO AL RENDIR UN VEREDICTO DE CULPABILIDAD EN TODOS LOS CARGOS DE NATURALEZA GRAVE CONTRA EL APELANTE, CUANDO EL MINISTERIO PÚBLICO INCUMPLIÓ CON SU DEBER MINISTERIAL DE PROBAR MÁS ALLÁ DE DUDA RAZONABLE TODOS LOS ELEMENTOS DE LOS DELITOS IMPUTADOS Y LA CONEXIÓN CON EL APELANTE.

ERRÓ EL HONORABLE JURADO AL EMITIR UN VEREDICTO CONDENATORIO CONTRA EL APELANTE POR EL CARGO DE ASESINATO EN PRIMER GRADO INCISOS (A) Y (B) DEL ARTÍCULO 93 DEL CÓDIGO PENAL DE 2012, A PESAR DE LA ABSOLUCIÓN PERENTORIA POR LOS CARGOS RELACIONADOS CON LA LEY DE ARMAS, LO QUE IMPEDÍA COMO CUESTIÓN DE DERECHO LA CONVICCIÓN DEL APELANTE POR EL DELITO DE ASESINATO EN PRIMER GRADO SEGÚN IMPUTADO EN EL PLIEGO ACUSATORIO EN EL QUE SE ALEGA QUE EL DELITO FUE COMETIDO MEDIANTE EL USO DE UN ARMA DE FUEGO.

ERRÓ EL HONORABLE JURADO AL EMITIR UN VEREDICTO CONDENATORIO CONTRA EL APELANTE POR LOS CARG[O]S DE SECUESTRO Y CONSPIRACIÓN, ARTÍCULOS 244 Y 157 DEL CÓDIGO PENAL DE 2012, A PESAR DE LA ABSOLUCIÓN PERENTORIA POR LOS CARGOS RELACIONADOS CON LA LEY DE ARMAS, LO QUE IMPEDÍA COMO CUESTIÓN DE DERECHO LA CONVICCIÓN DEL APELANTE POR AMBOS DELITOS SEGÚN IMPUTADOS EN LOS PLIEGO ACUSATORIOS CORRESPONDIENTES, EN LOS QUE SE ALEGA QUE EL APELANTE UTILIZABA UN ARMA DE FUEGO AL MOMENTO DE LA COMISIÓN DE LOS DELITOS ALLÍ IMPUTADOS.

ERRÓ EL HONORABLE JURADO AL EMITIR FALLO DECULPABILIDAD EN TODOS LOS CARGOS CRIMINALES IMPUTADOS AL APELANTE, A PESAR DE QUE EL ESTADO NO PUDO ESTABLECER LA IDENTIFICACIÓN DEL APELANTE MÁS

**ALLÁ DE DUDA RAZONABLE CON EVIDENCIA SUFICIENTE EN DERECHO.**

**ERRÓ EL HONORABLE JURADO AL EMITIR FALLO DE CULPABILIDAD EN TODOS LOS CARGOS CRIMINALES IMPUTADOS AL APELANTE, A PESAR DE QUE EL ESTADO NO PUDO CORROBORAR CON PRUEBA SUFICIENTE EN DERECHO LA PARTICIPACIÓN DEL APELANTE DURANTE LOS HECHOS IMPUTADOS EN LOS PLIEGOS ACUSATORIOS.**

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.* Así pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción. Íd., *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis*, Inc., 158 DPR 345, 355 (2003).

En consonancia, constituye norma reiterada el de la importancia de cumplir con los términos, debido a que un recurso presentado de modo prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *SLG Szendrey-Ramos v. F. Castillo, supra,* pág. 883. Por lo tanto, un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175

DPR 83, 97 (2008). En consecuencia, su presentación carece de eficacia y no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

Ante ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, dispone lo siguiente:

> [...]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
>> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> [...]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

Por otra parte, y pertinente a la controversia ante nos, la Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194, regula lo concerniente al procedimiento para formalizar los recursos de apelación en los casos criminales. Atinente a la controversia ante nos, la aludida regla establece lo siguiente:

> **Si cualquier parte solicitare la reconsideración de la sentencia o del fallo condenatorio dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración.**
>
> El término para formalizar la apelación se calculará a partir de la fecha del depósito en el correo cuando ésta sea distinta a la fecha de archivo en autos de copia de la notificación de:
>
>> (a) la sentencia cuando la persona no estuviera presente al momento de ser dictada;
>>
>> (b) la orden denegando la moción de nuevo juicio solicitada al amparo de las Reglas 188(e) y 192;
>>
>> (c) la resolución del tribunal adjudicado la moción de reconsideración. (Énfasis suplido). *Íd.*

### III.

En el recurso que nos ocupa, el apelante nos solicita que revoquemos una *Sentencia* emitida el 16 de marzo de 2026. La determinación apelada es objeto

de una solicitud de reconsideración presentada, oportunamente, el 31 de marzo de 2026, la cual no ha sido adjudicada.

La Regla 194 de Procedimiento Criminal, *supra*, claramente dispone que, ante la presentación oportuna de una solicitud de reconsideración, el término para radicar el escrito de apelación queda interrumpido hasta que el foro de instancia notifique su adjudicación. Conforme reconoce el señor Ayala Velázquez en su recurso de apelación, el término otorgado al Ministerio Público para presentar su oposición a la solicitud no ha transcurrido y, por ende, el foro de instancia no ha adjudicado la moción de reconsideración.

Ciertamente, el término para radicar el escrito de apelación no ha comenzado a transcurrir. Como resultado de su presentación prematura, nos encontramos impedidos de atender el recurso de epígrafe, por falta de jurisdicción. El término para presentar el escrito de apelación comenzará a contar a partir del momento en que el TPI notifique la resolución mediante la cual adjudique la moción de reconsideración.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se desestima el recurso, por falta de jurisdicción, por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones